UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20207-CIV-SEITZ/MCALILEY

DERREL BURNETT,

        Plaintiff,

v.

MIAMI DADE COUNTY,
P.O. JOE LOSADA, SGT. ALEXANDER
RAMIREZ and P.O. ZACH LARSON,

        Defendants.
_____/

## ORDER DENYING DEFENDANT MIAMI-DADE COUNTY'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Miami-Dade County's Motion to Dismiss Counts I, II and III of Plaintiff's Complaint [DE 3]. Defendant Miami-Dade County (the "County") moves to dismiss Counts I and II, assault and battery,[1] pursuant to the Florida sovereign immunity statute, and Count III, false arrest, under the Florida Stop and Frisk Law. Having reviewed the motion, the response and the reply thereto, and the relevant legal authorities, the County's motion is denied.

**I.**    **Background**

The facts relevant to Plaintiff's claims of assault, battery and false arrest, taken in the light most favorable to the Plaintiff, are as follows. On April 29, 2004 Defendant Losada was conducting surveillance near 8464 NW 5th Court, Miami, Florida searching for alleged narcotics transactions in the neighborhood. Losada approached Plaintiff who was standing near the porch of his house. Losada pulled Plaintiff into the street and asked for and received identification. Defendant Ramirez

---

[1] At the April 16, 2007 hearing, the Court instructed the Plaintiff to consolidate Counts I and II into one single Count for Assault and Battery.

1

then approached Plaintiff and told him that he was not the individual the officers sought. Ramirez, however, did not inform Losada of this fact. Losada then threw Plaintiff onto his car and began to strike him several times with his fists and a radio. Ramirez began to choke Plaintiff despite being repeatedly told by Plaintiff and civilian witnesses that he suffered from asthma and congestive heart failure.

Losada and Ramirez then handcuffed, leg-shackled and/or hogtied Plaintiff and continued to violently hit and kick him. When Fire Rescue arrived, the Defendant officers grabbed Plaintiff by the throat and threw him into the back of a police car and took him to Northside Station. The officers then took Plaintiff to jail without providing him medical attention although he had been knocked unconscious, and injured about his mouth and face which caused him to sustain a severely swollen eye and permanent eye damage. (Complaint at 3-5.) Plaintiff subsequently pled guilty to battery and resisting an officer without violence. (Motion to Dismiss, Exh. A.)

## II.    Standard of Review

A court will not grant a motion to dismiss unless the plaintiff fails to allege any facts that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true and draw all reasonable inferences in the non-movant's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986).

## III.    Legal Analysis

The County argues that Plaintiff's claims for assault and battery should be dismissed pursuant to Florida's sovereign immunity statute, Fla. Stat. 768.28(9)(a), because the relevant facts in the Complaint can only be construed as having been "committed in bad faith or with malicious

purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property." The County also moves to dismiss Plaintiff's false arrest claim because the Florida Stop and Frisk Law permitted the Defendant officers to initially detain Plaintiff.[2]

### A.   Florida Sovereign Immunity Statute

The state of Florida waives its sovereign immunity in certain circumstances including "actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions" for, inter alia, personal injury. Fla. Stat. 768.28(1). However, subsection (9)(a) limits the waiver by stating:

> "[t]he state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment <u>or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.</u>"

Fla. Stat. 768.28(9)(a) (emphasis added).

The County contends that the specific facts Plaintiff alleged in his Complaint relating to the assault and battery claims, can only be construed as having been committed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property, and therefore, the County cannot be sued for such actions. The Complaint describes the assault and battery stating that Plaintiff was "an innocent civilian" whom Officer Losada threw onto his car, began to strike several times with his fists and a radio, and choked despite being repeatedly told that Plaintiff suffered from asthma and congestive heart failure. The Complaint further alleges

---

[2] Originally, the County moved to dismiss Count III because Plaintiff subsequently pled guilty to battery and resisting arrest without violence which indicates that there was probable cause for the arrest; eliminating a claim of false arrest. (*See* DE 3.) However, Plaintiff's response explains that his false arrest/false imprisonment charge is solely based on Plaintiff's <u>initial</u> detention for suspicion of drug activity. (*See* DE 11.) Therefore, the County argued in their Reply that the police officers had the right to temporarily detain Plaintiff based on the Florida Stop and Frisk Law. (*See* DE 14.)

that the officers "handcuffed, leg shackled, and/or hogtied" Plaintiff, and while in this position, the officers violently hit, kicked, and struck him.  Finally, the Complaint states that when Fire Rescue arrived on the scene, the officers "grabbed [Plaintiff] by the throat and threw him" into the back of the police car, took him to jail and never provided him with medical attention for his injuries.

While the County's argument is well-taken that the acts described suggest acts taken in "bad faith, malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property," the issues of bad faith and malicious purpose are frequently questions for the jury.  *McGhee v. Volusia County*, 679 So. 2d 729, 733 (Fla. 1996) (stating that under the facts at hand the question of malice must be submitted to the fact-finder); *see also Williams v. City of Daytona Beach*, 2006 WL 354635, at * 21 (M.D. Fla. Feb. 15, 2006) (stating that there was a material issue of fact as to whether acts such as kicking, punching, choking and beating constituted malice).  Moreover, the County has not provided any factually similar cases that require the Court to make that determination at this stage of the case.[3]  Thus, the Court shall defer its determination on the viability of the claims against the County until the completion of discovery.

Additionally, while the primary case the County relied upon did address the issue of malice on a motion to dismiss, it is factually and legally distinct from the case at bar.  *See Willis v. Dade County Sch. Bd.*, 411 So. 2d 245 (Fla. 3d DCA 1982).  In *Willis*, the plaintiff sued the Dade County School Board contending that one of the County's physical education teachers maliciously assaulted and battered her causing her injury.  The trial court dismissed the amended complaint for failure to

---

[3]  The County did cite an unpublished case in which this Court concluded that police officers acted with malice purely based upon the factual allegations in the Complaint.  *Dukes v. Miami-Dade County*, case no. 05-22665-Civ-Huck/Simonton (S.D. Fla. July 5, 2006).  However, in that case, the actions of the police officers were much more severe than in the current matter.  There, the complaint alleged that after having shot the plaintiff in the chest, police officers slammed the plaintiff's body and face into the ground and stomped him with their feet while the plaintiff was surrendering.

state a cause of action. The appellate court upheld the dismissal based on the sovereign immunity statute because the amended complaint expressly alleged a "malicious assault and battery." *Willis*, 411 So. 2d at 246. Here, Plaintiff intentionally did not expressly allege that the assault and battery was "malicious." For these foregoing reasons, the County's motion to dismiss Counts II and III is denied.

      **B.**      **False Arrest**

The tort of "false imprisonment" or "false arrest" is the unlawful restraint of a person against his or her will, and the gist of the action is the unlawful detention of the person and the deprivation of his or her liberty.[4] *Spears v. Albertson's, Inc.*, 848 So. 2d 1176, 1178 (Fla. 1st DCA 2003). However, the Florida Stop and Frisk Law states:

> [w]henever any law enforcement officer of this state encounters any person <u>under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit</u> a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, the officer may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding the person's presence abroad which led the officer to believe that the person had committed, was committing, or was about to commit a criminal offense.

Fla. Stat. § 901.151 (emphasis added).

Plaintiff has pled that his initial arrest for suspicion of narcotics possession by Defendant Losada was "without probable cause or reasonable suspicion." (Complaint at 7.) While it appears that Losada's actions were consistent with the Florida Stop and Frisk Law, as he was conducting surveillance and looking for narcotics transactions in the neighborhood, the Court cannot determine on a motion to dismiss whether the "circumstances" of Plaintiff's detention reasonably indicated that Plaintiff had "committed, is committing or is about to commit" a crime. Therefore, the County's

---

[4] In Florida, the tort of false imprisonment is identical to the tort of false arrest. *Card v. Miami-Dade County*, 147 F. Supp. 2d 1334, 1347 (D. Fla. 2001).

motion to dismiss Count III of the Complaint is denied.  However, Plaintiff's counsel represented to the Court at the April 16, 2007 hearing that he incorporated Count III into the Complaint in an abundance of caution to protect his client's rights and acknowledged the weakness of the claim as a result of the Florida Stop and Frisk Law.  In an effort to simplify the case and the disputed issues going forward, Plaintiff is encouraged to re-examine the factual and legal viability of Count III, and voluntarily dismiss it, consistent with his professional obligations, to save the parties the time and expense of resolving it at the summary judgment stage.

**IV.  Conclusion**

For the reasons set forth herein, it is hereby

ORDERED that

(1) Defendant Miami-Dade County's Motion to Dismiss Counts I, II and III is DENIED.

(2) Counts I and II are hereby consolidated into a single Count for Assault and Battery.

(3) Plaintiff shall notify the Court whether he intends to voluntarily dismiss Count III by July 30, 2007.

DONE AND ORDERED at Miami, Florida this 25th day of April, 2007.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record